UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RUFUS JONES,
                     Plaintiff,

-vs-                             DECISION and ORDER

COMMISSIONER OF SOCIAL SECURITY,      17-CV-6558 CJS
MONROE COUNTY DEPARTMENT OF
HUMAN SERVICES,
                     Defendant.

INTRODUCTION

      This is an action in which Rufus Jones ("Plaintiff") maintains that the Commissioner of Social Security and Monroe County Department of Human Services improperly confiscated Supplemental Security Income benefits from him. Now before the Court are the following motions: Plaintiff's application (Docket No. [#7] for miscellaneous relief; Plaintiff's motion [#9] for a preliminary injunction and for an expedited hearing; Monroe County Department of Human Services' ("Monroe County") motion [#11] to dismiss for lack of subject-matter jurisdiction and for failure to state a claim; and Plaintiff's motion [#12] for recusal. Plaintiff's applications are all denied, Monroe County's motion to dismiss for lack of subject matter jurisdiction is granted, and this action will be dismissed unless Plaintiff files an amended complaint within thirty days as discussed below.

BACKGROUND

      The long and complicated history of this action began on January 14, 2015, when

1

Plaintiff filed an action in this Court against the Commissioner of Social Security, contesting the Commissioner's denial of his claim for Social Security Disability Insurance Benefits ("SSDI") and Supplemental Security Income Benefits ("SSI"). Plaintiff claimed to be disabled due a combination of medical problems including hypertension, chest pain, back pain, and a heart condition. Plaintiff filed the case proceeding *pro se*, then retained an attorney, and later discharged the attorney and again proceeded *pro se*. The case, entitled *Jones v. Commissioner of Social Security*, 15-CV-6022, was originally before the undersigned. However, on June 24, 2015, the parties consented to have the Honorable Jonathan W. Feldman, United States Magistrate Judge, hear and dispose of the case. (15-CV-6022, Docket No. [#25]).

On January 12, 2016, Magistrate Judge Feldman issued an Order [#37] in Plaintiff's favor, granting Plaintiff's motion for judgment on the pleadings and remanding the case for further administrative proceedings.[1]

Upon remand to the Commissioner, an ALJ conducted a second hearing and, on April 12, 2016, issued a Decision and Order finding that Plaintiff became disabled, for purposes of both SSDI and SSI, as of April 1, 2014. *See*, 15-CV-6022, Docket No. [#44] at pp. 1-4, & Docket No. [#46].

Following that determination, the Commissioner processed Plaintiff's SSI payments before the SSDI payments, and determined that Plaintiff was entitled to SSI

---

[1]Magistrate Judge Feldman concluded that the Administrative Law Judge ("ALJ") had committed reversible error when evaluating Plaintiff's credibility. Prior to Magistrate Judge Feldman issuing his Decision and Order [#37], Plaintiff filed an interlocutory appeal to the United States Court of Appeals for the Second Circuit, challenging various rulings by Judge Feldman on non-dispositive matters. *See*, Notice of Appeal, 15-CV-6022, Docket No. [#35]. On January 13, 2016, the Second Circuit dismissed the appeal. (15-CV-6022, Docket No. [#40], dismissing appeal in Second Circuit Case No. 15-2704).

"back payments" in the amount of $13,896.00. (15-CV-6022, Docket No. [#46] at p. 3.). In that regard, the Commissioner indicated that Plaintiff was "in current payment status of SSI," while

> [t]he Title II DIB [SSDI] portion is currently pending in the [Program Service Center] for necessary action. The Master Beneficiary Record (MBR) will be updated to reflect payment status and Plaintiff will be notified (i.e. notice will be issued) once the [Program Service Center] completes its action.

*Id*. The Commissioner subsequently processed Plaintiff's SSDI payments.

On January 5, 2017, the Court became aware that Plaintiff was claiming that he had not received the full amount of SSI back payments. Specifically, on January 5, 2017, Plaintiff filed a document [#49] in Case No. 15-CV-6022, still assigned to Magistrate Judge Feldman, asserting that the Commissioner of Social Security had improperly paid part of his SSI back payments to the "Department of Social Services." In that regard, Plaintiff wrote:

> Claimant was awarded benefits April 12, 2016; the order stated that Plaintiff was to be paid 2 years back pay, from April 2014 to April 2016. Claimant has received half of the back pay the other half of claimant['s]] back pay was sent to Department of Social Services. The Commissioner['s] staff stated that [I] signed an agreement with DSS which is false.

15-CV-6022, Docket No. [#49] at p. 2. Attached to this submission was a copy of a notice from the Commissioner to Plaintiff, dated May 19, 2016, explaining that $9,838.18 of Plaintiff's SSI back payments had been paid directly to "Monroe Co DSS," and stating:

> As we told you in another letter, you agreed in writing that the MONROE CO DSS would be repaid the money it paid you. **We paid the MONROE CO DSS $9,838.18.** We have $7,657.82 left to pay you.

3

15-CV-6022, Docket No. [#49] at p. 7 (bold emphasis added).

Also in Plaintiff's submission [#49], he seems to have complained that the Commissioner improperly awarded him SSI benefits, rather than SSDI benefits. 15-CV-6022, Docket No. [#49] at p. 10. In that regard, Plaintiff stated that he met insured status, for SSDI, through December 2015, and was found to have become disabled prior to that date. *See, id.* at p. 9 ("[F]orcing claimant to receive SSI when he is entitled to SSDI is clearly a violation."). Although Plaintiff's submission does not expressly say so, the Court liberally construes his assertion in that regard to be that if the Commissioner had designated his back pay as SSDI payments rather than SSI payments, then Monroe County would not have been able to recoup any payments from him.

On January 16, 2017, the Commissioner wrote to Magistrate Judge Feldman and stated that Plaintiff was incorrect, because "the Agency followed its normal protocols when $9,838.18 was paid to Monroe County Department of Social Services (DSS) as a result of an Interim Reimbursement Agreement." 15-CV-6022, Docket No. [#51] at p. 1. The Commissioner explained that the Social Security Administration had paid the aforementioned sum to Monroe County as an Interim Assistance Reimbursement ("IAR"), and further stated:

> To participate in the IAR program a State must have an IAR agreement with SSA and a written authorization from the individual allowing SSA to reimburse the State from the individual's SSI retroactive payment. SSA can reimburse a State only for months for which the individual receives both an SSI dollar amount and an interim assistance payment.

15-CV-6022, Docket No. [#51] at p. 1. The Commissioner further noted that according to

4

her records, Plaintiff had expressly agreed to the IAR payment to the State of New York and/or Monroe County:

> The New York State electronic notification of Interim Assistance establishes that the State has a valid authorization. This notification creates a specific code in SSA's system informing SSA that the State has a valid authorization. Attached, is a copy of Mr. Jones' Supplemental Security Record ("SSR"), which shows a code at the very bottom denoted as grant reimbursement code (GRC): R-33370. This was the code that was generated when New York State informed SSA of the valid agreement from Monroe County Department of Social Services.

*Id*. at p. 2 (citation omitted). The Commissioner also stated that if Plaintiff disputed the existence of an agreement he could "appeal the issue only to the State," but could not maintain an action in Federal Court. *Id*.

On January 20, 2017, Plaintiff filed a submission in which he indicated that he was receiving SSDI benefits, but nevertheless believed that the Commissioner had first processed his "SSI benefits as a pretext because they are well aware of the fact that DSS cannot take SSDI benefits for repayment of DSS." 15-CV-6022, Docket No. [#52] at p. 1. Plaintiff also reiterated that he had not signed a reimbursement agreement with the Monroe County. *Id*. at p. 6. On March 13, 2017, Plaintiff wrote to the Court again, reiterating that the Commissioner had committed "fraud" by "trying to force [him] to take SSI benefits when [he was] legally eligible for SSDI benefits." 15-CV-6022, Docket No. [#53] at p. 1.

On March 23, 2017, Magistrate Judge Feldman issued an Order [#54] finding, *inter alia*, that he lacked jurisdiction over Plaintiff's complaint about the improper payment of his back SSI payments to Monroe County, pursuant to 42 U.S.C. § 1383(5), which

"exempt[ed] from judicial review 'any disagreement concerning payment by the Commissioner of Social Security to a State pursuant' to an inter reimbursement agreement." 15-CV-6022, Docket No. [#54] at p. 3. Judge Feldman stated that pursuant to 20 C.F.R. § § 416.1920 & 416.1922, Plaintiff could appeal to the State of New York or the Commissioner of Social Security, respectively, about the issue, but "not this Court." *Id*. ("While Plaintiff may pursue his claims with the SSA or with the State, he cannot do so here.").

Plaintiff appealed Magistrate Judge Feldman's ruling to the Second Circuit [#55]. As part of the Second Circuit's evaluation of Plaintiff's appeal, the Circuit Court noted that Plaintiff had filed an "untimely reply"[2] "challeng[ing] an April 17, 2017 decision of the Social Security Appeals Council." Second Circuit Order, 17-879, 15-CV-6022 Docket No. [#57]. More specifically, Plaintiff asserted that the Appeals Council had "failed to address the issue of Due Proceeds [sic] which was clearly presented." *Id*. at p. 2. Plaintiff's "untimely reply" attached only two pages of the Appeals Council's decision (which was apparently six pages in length), but he characterized his claim to the Appeals Council as being that "the Commissioner['s] staff local Team 108 denied [him] Substantive Due Process by process claimant for SSI when the record Evidence shows that claimant Rufus Jones was only eligible for SSDI insurance benefits." *Id*. at p. 2.

In response to that assertion, the Second Circuit issued an Order transferring that claim to this Court. *See*, Second Circuit Order, 17-879, 15-CV-6022 Docket No. [#57]. Specifically, the Second Circuit's Order stated:

---

[2]Second Circuit case no, 17-879, document 45.

6

> Appellant has filed in this Court a document, an untimely reply, showing that he seeks to challenge an April 17, 2017 decision of the Social Security Administration's Appeals Council. 2d Cir. 17-879, doc. 45. However, he may challenge the Appeals Council decision only by filing a complaint in the district court. 42 U.S.C. § 405(g). Because Appellant is proceeding *pro se* and the time to file such a complaint in the district court has now expired, it is further ORDERED that the Appellant's submission, 2d Cir. 17-879, doc. 45, is TRANSFERRED to the district court with instructions to treat it as a § 405(g) complaint and open a new docket number. This transfer is without prejudice to the Commissioner arguing that the complaint, so construed, is untimely or is otherwise defective.

*Id*. A certified copy of the Second Circuit's Order was filed in this Court on August 9, 2017.

On August 11, 2017, the Clerk of this Court opened a new action under the docket number 17-CV-6558 CJS, which was assigned to the undersigned. The Clerk of the Court subsequently issued a subpoena to Plaintiff, directed to the Commissioner of Social Security. Subsequently and without the Court's prior knowledge, Plaintiff, proceeding *pro se*, added the Monroe County Department of Human Services to the summons. Plaintiff claims that he subsequently served the summonses on the Commissioner of Social Security and the Monroe County Department of Human Services.

On September 14, 2017, Plaintiff filed a document [#4] entitled "Notice of Complaint and Brief to Support Exhibits Attached." The filing references 42 U.S.C. § 1983 and alleges that the Commissioner of Social Security and Monroe County violated Plaintiff's "constitutional rights to all insurance benefits and civil rights." The document further demands that the Commissioner or Monroe County refund $9,838.18 to him.

7

On October 3, 2017, Monroe County filed an Answer [#6]. The Commissioner, on the other hand, has never answered or otherwise appeared in the action.

On October 10, 2017, Plaintiff filed a Motion for Miscellaneous Relief [#7], apparently in response to the First Affirmative Defense in Monroe County's Answer, which asserted that the action should be dismissed for failure to state claim. Plaintiff's motion contends that Monroe County violated 42 U.S.C. § 407 by refusing to reimburse him $9,838.18. The motion also, without any apparent basis, asserts that employees of the Monroe County Attorney's office should be fine or imprisoned for contempt and perjury. In describing his action, Plaintiff states: "This complaint is very simple does the County have legal rights to Rufus Jones Social Security Insurance benefits? I demand that the County Attorney proves [sic] this request immediately or refunds the money back to Social Security or to Rufus Jones." Attached to this submission are certain documents that had been filed previously in the action before Magistrate Judge Feldman, 15-CV-6022.

On October 30, 2017, Plaintiff filed a Motion for Preliminary Injunction and Expedited Hearing [#9], essentially reiterating the same claim, namely, that the Commissioner had improperly "allowed Monroe County" to "attach" his benefits, in "clear and intentional violation" of 42 U.S.C. § 407(a). The "injunctive relief" demanded was that Plaintiff be immediately refunded $9,838.18.

On November 20, 2017, Monroe County filed a motion to dismiss [#11], for lack of subject matter jurisdiction and for failure to state a claim. Preliminarily, the County maintains that the Court lacks subject matter jurisdiction over the claims against the

County "because [the] Social Security Act expressly prohibits judicial review of disagreements relating to IAR payments," pursuant to 42 U.S.C. § 1383(g)(5), and because "the statutes relied upon by Plaintiff," such as 42 U.S.C. § 407, "afford no private cause of action," while 42 U.S.C. § 1983 provides no independent right to sue. The County further states that its recoupment of Plaintiff's social services benefits from his SSI back payment does not constitute a violation of 42 U.S.C. § 407 in any event, since such recoupment is not an "execution, levy, attachment, garnishment, or other legal process" as prohibited by that statute. The County also contends that Plaintiff is mistakenly attempting to sue the Monroe County Department of Human Services, which does not administer public assistance benefits, when he apparently means to sue the Monroe County Department of Social Services.

The County further asserts that Plaintiff's claim lacks merit in any event, since he agreed in writing on multiple occasions to allow the County to recover amounts that it had paid to him through social services from any back payment of SSI benefits that he might receive. The County has submitted copies of such authorizations, including one purportedly signed by Plaintiff on April 25, 2014. (Docket No. [#10-6] at p. 16).

The County further indicates that Plaintiff has already been afforded a "fair hearing" concerning this same dispute by a New York State Office of Temporary Disability Assistance Administrative Law Judge, pursuant to 18 N.Y.C.R.R. § 387.20(d), at which the Administrative Law Judge determined that the County was entitled to receive $9,838.18 from Plaintiff's SSI back payments. In that regard, the County attached a copy of a decision from the New York State Office of Temporary and Disability Assistance,

9

issued after the fair hearing in Plaintiff's case, finding, for example, the following facts: 1) Plaintiff received public assistance benefits (Safety Net Cash Assistance) between May 2014 and May 2016; 2) Plaintiff signed recertification applications for public assistance, containing authorizations for the Commissioner to reimburse DSS from retroactive SSI benefit payments, on April 25, 2014, October 21, 2014, November 17, 2014, April 16, 2015, September 22, 2015, October 20, 2015 and April 21, 2016; and 3) DSS "was entitled to repayment of interim assistance in the amount of $9,838.18 from [Plaintiff's SSI] retroactive benefits payment." Docket No. [#10-8] at pp. 2, 9.

On November 27, 2017, Plaintiff responded by filing a document [#12] designated as a "Notice of Reply Response to Monroe County's Second Request to Dismiss, Notice Request for Another Judge." Regarding the issue of subject matter jurisdiction, Plaintiff asserts that the Court has jurisdiction under 42 U.S.C. § 405(g), and that the County's argument is "a false statement," since the Second Circuit directed the Court to open this action. Indeed, regarding the County's submission, Plaintiff states that "the only thing presented are lies and false statements," though he does not explain why the County's factual assertions are incorrect. Plaintiff has also contacted the Court by telephone on numerous occasions to request a prompt resolution of his claim.

On December 5, 2017, Plaintiff filed another submission [#13], which the Clerk designated as a "motion for miscellaneous relief." The submission essentially reiterates Plaintiff's view that he should be entitled to sue Monroe County to recover the portion of his SSI back payments which the Commissioner paid to the County.

DISCUSSION

*Plaintiff's Pro Se Status*

As an important preliminary matter, the Court notes that because Plaintiff is proceeding *pro se*, it has construed his submissions liberally to raise the strongest arguments that they suggest.

*Motion for Recusal*

Plaintiff's most recent submission [#12] can be construed as a motion for the Court to recuse itself, inasmuch as it refers to a "request for another judge," and states that "on the grounds of past relations it would be the best interest for the Judge and the Plaintiff [to] request another Judge be assigned." Although, those brief assertions are the extent of Plaintiff's argument concerning recusal. Plaintiff's mention of "past relations" with the Court is apparently a reference to the fact that he has had other matters before the Court. The Court has searched its records and sees, for example, that the Court previously presided over an employment discrimination action filed by Plaintiff, *Jones v. University of Rochester*, 11-CV-6184 CJS, in which Plaintiff also filed a motion for recusal, alleging that the Court had "shown no respect" for the rules of civil procedure or for "landmark legal precedent." Plaintiff's contentions in that regard were not accurate, and the Court consequently denied that application. The Court similarly denies the instant application for recusal, as Plaintiff has not identified any legitimate reason for the Court to recuse itself in this action. Accordingly, Plaintiff's motion for recusal [#12] is denied.

*The Motion to Dismiss for Lack of Subject Matter Jurisdiction*

The County maintains, *inter alia*, that the Court lacks subject matter jurisdiction

11

over Plaintiff's claims against the County, and the applicable legal principles are well settled. "A complaint must be dismissed under Rule 12(b)(1) 'when the district court lacks the statutory or constitutional power to adjudicate' the case." *McMillan v. N.Y. State Bd. of Elections*, 449 Fed.Appx. 79, 80 (2d Cir. 2011) (*quoting Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The standard to be applied on such a motion is as follows:

> In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. But where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits. In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citations and internal quotation marks omitted).

The instant case was opened at the direction of the Second Circuit, which specifically described the claim being transferred to this Court as a "challenge [to] an April 17, 2017 decision of the Social Security Administration's Appeal Council," pursuant to 42 U.S.C. § 405(g). Therefore, the proper defendant is the Commissioner of Social Security. Notably, the Second Circuit said nothing about a claim against Monroe County or the Monroe County Department of Human Services, even though the Circuit Court was aware that Plaintiff was complaining of actions by those entities. More specifically, the Second Circuit did not transfer any claim to this Court concerning Plaintiff's contention that Monroe County had improperly obtained $9,838.18 of his SSI back payment.

Rather, the Monroe County Department of Human Services is nominally a party to this action only because after the Court issued a summons for the Commissioner of Social Security, Plaintiff took it upon himself to add Monroe County to the summons, and to serve the summons upon the County. Such action by Plaintiff was improper for at least two reasons. First, it exceeded the scope of the Second Circuit's Order. As already discussed, the claim which the Second Circuit transferred to this Court was quite specifically a challenge under § 405(g) to the Appeals Council's April 17, 2017 decision, which does not involve Monroe County. Second, Plaintiff's attempt to add Monroe County to this action was improper because it ignored Magistrate Judge Feldman's ruling [#54] in case number 15-CV-6022 that this Court lacks jurisdiction over that type of claim. Although Plaintiff appealed that ruling, it appears that the Second Circuit has now dismissed that appeal due to Plaintiff's failure to perfect. (Second Circuit CM/ECF, Docket No. 17-879, Order [#67] dated November 9, 2017, dismissing appeal).

In any event, the Court agrees with both Magistrate Judge Feldman and the County that pursuant to 42 U.S.C. § 1383(g)(5) it lacks subject matter jurisdiction over Plaintiff's attempt to recoup the $9,838.18 that was deducted from his SSI back payment. In that regard, 42 U.S.C. § 1383 generally deals with the "procedure for payment of [SSI] benefits." Significantly, § 1383(g)(1) expressly authorizes the Commissioner to withhold SSI benefits from a claimant and pay them to a state or political subdivision as reimbursement for interim assistance provided to the claimant by the state or political subdivision, provided that the claimant has provided "authorization." As discussed above, Monroe County indicates that Plaintiff provided such authorization on multiple

13

occasions as a condition of receiving interim assistance payments.

However, specifically with regard to this Court's jurisdiction, § 1383(c) provides procedures for the Commissioner to conduct hearings concerning SSI applications, and further provides for federal court review of the Commissioner's decisions in various instances. *See*, 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."). However, § 1383(g)(5) then states, in pertinent part:

> The provisions of subsection (c) of this section *shall not be applicable to any disagreement concerning payment by the Commissioner of Social Security to a State pursuant to the preceding provisions of this subsection nor the amount retained by the State (or political subdivision).*

42 U.S.C.A. § 1383 (West) (emphasis added).

Here, Plaintiff's claim is primarily, if not exclusively, a claim concerning payment of SSI benefits by the Commissioner to the State of New York or one of its political subdivisions (Monroe County), and the retention of SSI benefits by such political subdivision. Accordingly, this Court lacks jurisdiction to review such claim. *See, e.g., Barker v. Colvin*, No. 15-35128, 671 Fed.Appx. 546 (9th Cir. 2016) ("The district court also correctly concluded that it lacked jurisdiction to review the reimbursement of interim assistance payments made to the State of California. The Social Security Act expressly provides that the decision to withhold SSI payments for the purpose of reimbursing states for interim assistance is not subject to judicial review. 42 U.S.C. § 1383(g)(5).").

Indeed, this Court lacks such jurisdiction even where, as here, Plaintiff disputes[3] that he authorized the Commissioner to make such payment to Monroe County. *See, Warren v. Roberts*, No. 15 CIV. 7850 (NRB), 2017 WL 2782176, at *9 (S.D.N.Y. June 12, 2017)("Consistent with the courts that have squarely addressed the question, we believe that Section 1383(g)(5) demonstrates Congress's intent to preclude judicial review of claims such as plaintiffs'. While plaintiffs' claims challenge the adequacy of the authorizations they signed, the claims also fundamentally represent a 'disagreement concerning payment by the Commissioner of Social Security to a State pursuant to the preceding provisions of this subsection [and] the amount retained by the State (or political subdivision).' 42 U.S.C. § 1383(g)(5).").

Moreover, the Court agrees with Monroe County that 42 U.S.C. § 407(a), upon which Plaintiff relies, does not provide an independent basis for the Court to exercise jurisdiction over Plaintiff's claim that Monroe County "garnished" his SSI benefits. On this point, another Judge in this District has stated:

> [P]laintiff does not assert any federal statutory basis for federal court jurisdiction in this case. While 42 U.S.C. § 407(a) of the Social Security Act provides that "[t]he right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law," the law does not expressly create a private right of action to address violations.

---

[3]The Court uses the word "disputes" loosely, since Plaintiff offers only bare assertions to that effect, while failing to address the voluminous documentary evidence to the contrary.

> None of the Circuit Courts of Appeals have expressly ruled on the issue.[4]
> However, virtually all of the District Courts that have done so have held that
> § 407 does not create a private right of action.

*Strine v. Genesee Valley Fed. Credit Union*, No. 11CV633A, 2013 WL 636469, at *2 (W.D.N.Y. Jan. 29, 2013) (citations omitted, collecting cases), report and recommendation adopted, No. 11-CV-633A, 2013 WL 636714 (W.D.N.Y. Feb. 20, 2013).

For all of the foregoing reasons, the Court finds that Monroe County's motion to dismiss for lack of jurisdiction must be granted.

### *Plaintiff's Claim Against the Commissioner under § 405(g)*

As delineated by the Second Circuit's transfer order, the claim remaining before the Court is a challenge to an April 17, 2017 decision of the Social Security Administration's Appeals Council, pursuant to 42 U.S.C. § 405(g). Unfortunately, the exact nature of that claim is still unclear, in part because this Court has neither the decision of the Appeals Council, nor the underlying decision by the ALJ. As noted earlier, the transfer order from the Second Circuit included only two pages of the Appeals Council's decision. In sum, it is not entirely clear what Plaintiff is complaining about with regard to the Appeals Council's April 17, 2017 decision.

It appears, however, that Plaintiff is complaining that the Commissioner improperly found him eligible to receive both SSI and SSDI benefits, and/or that the Commissioner

---

[4]*But see, Townsel v. DISH Network L.L.C.*, 668 F.3d 967, 969 (7th Cir. 2012), in which the Seventh Circuit indicated that there is no private right of action: "Logically the first question is whether § 407(a) creates a private right of action. It does not do so expressly, nor does any other statute authorize private parties to sue for damages based on assignments of Social Security benefits."

improperly processed his SSI back payment prior to any SSDI back payment, in order to facilitate recoupment of the interim assistance reimbursements by Monroe County. If that is what Plaintiff is maintaining, his claim lacks merit, since the Commissioner did nothing wrong. Indeed, Plaintiff applied for both SSI and SSDI benefits, and the Second Circuit has expressly held that the Commissioner's policy of processing SSI back payments before SSDI payments, in order to maximize reimbursements to states for interim assistance payments, is a proper exercise of the Commissioner's discretion and does not violate 42 U.S.C. § 407. *White v. Bowen*, 835 F.2d 974, 978-979 (2d Cir. 1987); *see also, Guadamuz v. Bowen*, 859 F.2d 762, 770 (9th Cir. 1988) (favorably discussing the Second Circuit's ruling in *White v. Bowen*).

Nevertheless, the Court will grant Plaintiff an opportunity to clarify the nature of his claim concerning the Appeals Council's April 17, 2017 decision, by filing an amended complaint as set forth below.

## ORDER

Accordingly, it is hereby ORDERED that:

1. Monroe County Department of Human Services' motion to dismiss [#11] is granted, this action is dismissed as to Monroe County, and the Clerk is directed to terminate Monroe County Department of Human Services as a party to this action;

2. Plaintiff's pending motions [#7][#9][#12][#13] are denied;

3. The remainder of this action shall be dismissed unless, within thirty (30) days of the date of this Decision and Order, Plaintiff files an amended complaint that clarifies the nature of his objection to the Appeals Council's decision dated April 17, 2017; **such**

**amended complaint shall not exceed three (3) pages in length, which is more than sufficient for Plaintiff to succinctly explain the nature of his claim**; Plaintiff may also attach a copy of the Appeals Council's April 17, 2017 decision and any ALJ decision to which the Appeals Council's decision specifically refers;

    4.  Along with the amended complaint, Plaintiff shall file a new motion for leave to proceed *in forma pauperis*; such new application shall include Plaintiff's monthly income from all sources, including any type of government benefits, as well as the monthly income of any members of Plaintiff's household (such application must be either typed or completed in clearly legible handwriting); the prior order [#5] granting Plaintiff leave to proceed *in forma pauperis* is vacated inasmuch as it is now clear that the Court did not have accurate or sufficient information upon which to make the necessary inquiry under 28 U.S.C. § 1915(e)(2) when it issued that order;

    5. In the event that Plaintiff fails to file an amended complaint and new application to proceed *in forma pauperis* within thirty (30) days of the date of this Decision and Order, the Clerk of the Court is directed to close this action without further order of the Court; and

    6.  In the event that the action is dismissed due to Plaintiff's failure to file an amended complaint and new application to proceed *in forma pauperis* as ordered above, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the

United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the

Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:   December 11, 2017
         Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge