UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RUFUS JONES,
                Plaintiff,

-vs-                                        DECISION and ORDER

COMMISSIONER OF SOCIAL SECURITY,        17-CV-6558 CJS
MONROE COUNTY DEPARTMENT OF
HUMAN SERVICES,
                Defendant.

INTRODUCTION

This is an action by Plaintiff to challenge an April 17, 2017, decision of the Social Security Administration's Appeals Council, pursuant to 42 U.S.C. § 405(g). The Court previously ordered Plaintiff to file an amended complaint within thirty days, and indicated that it would dismiss the action if he failed to do so. Plaintiff failed to comply with the Court's Order, and the action is therefore dismissed.

BACKGROUND

On December 12, 2017, the Court issued a Decision and Order (Docket No. [#14]) setting forth the lengthy and unusual procedural history of this action. The reader is presumed to be familiar with the facts set forth therein. At the conclusion of the Decision and Order [#14], the Court stated in pertinent part:

> [I]t is not entirely clear what Plaintiff is complaining about with regard to the Appeals Council's April 17, 2017 decision. It appears, however, that Plaintiff is complaining that the Commissioner improperly found him eligible to receive both SSI and SSDI benefits, and/or that the Commissioner

1

improperly processed his SSI back payment prior to any SSDI back payment, in order to facilitate recoupment of the interim assistance reimbursements by Monroe County. If that is what Plaintiff is maintaining, his claim lacks merit, since the Commissioner did nothing wrong. Indeed, Plaintiff applied for both SSI and SSDI benefits, and the Second Circuit has expressly held that the Commissioner's policy of processing SSI back payments before SSDI payments, in order to maximize reimbursements to states for interim assistance payments, is a proper exercise of the Commissioner's discretion and does not violate 42 U.S.C. § 407. *White v. Bowen*, 835 F.2d 974, 978-979 (2d Cir. 1987); *see also, Guadamuz v. Bowen*, 859 F.2d 762, 770 (9th Cir. 1988) (favorably discussing the Second Circuit's ruling in *White v. Bowen*).

Nevertheless, the Court will grant Plaintiff an opportunity to clarify the nature of his claim concerning the Appeals Council's April 17, 2017 decision, by filing an amended complaint[.]

\*\*\*

Accordingly, it is hereby ORDERED that . . . this action shall be dismissed unless, within thirty (30) days of the date of this Decision and Order, Plaintiff files an amended complaint that clarifies the nature of his objection to the Appeals Council's decision dated April 17, 2017; **such amended complaint shall not exceed three (3) pages in length, which is more than sufficient for Plaintiff to succinctly explain the nature of his claim**; Plaintiff may also attach a copy of the Appeals Council's April 17, 2017 decision and any ALJ decision to which the Appeals Council's decision specifically refers;

Along with the amended complaint, Plaintiff shall file a new motion for leave to proceed *in forma pauperis*; such new application shall include Plaintiff's monthly income from all sources, including any type of government benefits, as well as the monthly income of any members of Plaintiff's household (such application must be either typed or completed in clearly legible handwriting); the prior order [#5] granting Plaintiff leave to proceed *in forma pauperis* is vacated inasmuch as it is now clear that the Court did not have accurate or sufficient information upon which to make the necessary inquiry under 28 U.S.C. § 1915(e)(2) when it issued that order;

> In the event that Plaintiff fails to file an amended complaint and new application to proceed *in forma pauperis* within thirty (30) days of the date of this Decision and Order, the Clerk of the Court is directed to close this action without further order of the Court; and [in] the event that the action is dismissed due to Plaintiff's failure to file an amended complaint and new application to proceed *in forma pauperis* as ordered above, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

Decision and Order [#14] filed December 12, 2017.

Plaintiff, who is an experienced *pro se* litigator, did not file an amended complaint but instead, filed an interlocutory appeal with the United States Court of Appeals for the Second Circuit. Plaintiff filed that appeal on January 4, 2018, which was 22 days after this Court issued its Decision and Order [#14]. On May 17, 2018, the Second Circuit dismissed Plaintiff's appeal as lacking "an arguable basis in either law or in fact." On July 9, 2018, the Mandate issued, and as of today's date fifteen more days have elapsed.

Putting aside the time that Plaintiff's interlocutory appeal was pending, more than thirty days have elapsed since this Court directed Plaintiff to file an amended complaint. Plaintiff has not complied with the Court's order, and has not requested any extension of the deadline. Accordingly, the action is dismissed with prejudice.

## CONCLUSION

This action is dismissed with prejudice due to Plaintiff's failure to comply with the Court's prior Decision and Order [#14]. The Clerk of the Court is directed to close this

action.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

DATED:    July 25, 2018
               Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge